ACCEPTED
06-14-00062-CV
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
4/1/2015 6:04:53 PM
DEBBIE AUTREY
CLERK

APPELLATE CAUSE NO. 06-14-00062-CV

TRIAL CAUSE NO. 2006-404

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
4/1/2015 6:04:53 PM
DEBBIE AUTREY
Clerk

| | | |
|---|---|---|
| KRISTA LYNNE GARDNER, | )( | IN THE COURT OF APPEALS |
| INDEPENDENT EXECUTRIX | )( | |
| OF THE ESTATE OF LARRY RAY | )( | |
| TINER | )( | |
| | )( | |
| vs. | )( | THE SIXTH APPELLATE DISTRICT |
| | )( | |
| | )( | |
| PENNY HEDDIN TINER, | )( | OF TEXAS |

**APPELLANTS MOTION FOR REHEARING**

TO THE HONORABLE JUSTICES OF THE COURT:

COMES NOW, Krista Lynne Gardner, Independent Executrix of the Estate of Larry Ray Tiner, and files this her Motion for Rehearing in response to the opinion issued by the Court on March 17, 2015, and requests that the Court consider the following issues.

**POINTS PRESENTED FOR REVIEW**

1. Whether the Court erred in affirming the Trial Court's judgment for the following reasons:

   a. The case of *Holmes vs. Kent*, 221 S.W.3rd, 622 (Tex. 2007) that this court held to be controlling is actually distinguishable from the facts in this appeal;

   b. Penny Heddin Tyler, the Appellee, not only agreed to waive any claim to retirement benefits of Larry Ray Tiner but also agreed in the Property Settlement Agreement and in the pro se Divorce Decree to "cooperate to the best of their ability to execute and produce any and all documents necessary to effectuate the terms of this Agreement". The Appellee agreed further that she shall, by the terms of the Decree, "be ordered to comply with all the terms of

this Agreement." (emphasis added). These facts would unquestionably require her to change or permit ERS to change the beneficiary designation to Debbie, Larry's widow.

c. Although requested, the trial court failed and refused, based on the foregoing facts, to order Penny and/or the Employee's Retirement System (ERS)to change Larry Ray Tiner's designation from Penny to Debbie as beneficiary as Larry Ray Tiner's widow.

d. The Court failed to consider and uphold the express provision in Larry Tiner's Will that should anyone contest any provision in his Will and were successful, they would receive $1.00 only from his estate. Penny is (i) failing and refusing to carry out the express terms of the Property Settlement Agreement and the Divorce Decree concerning Larry Tiner's retirement benefits and is (ii) failing and refusing to honor Larry Tiner's wishes on his Will that Debbie is entitled to all the personal assets of his estate including the retirement benefits.

## ARGUMENT

The only requirement of a Motion for Rehearing under Rule 49 TRAP is that the motion "clearly state the points relied on for the hearing." Thus argument and authorities are not required, Klein v. Reynolds 923 S.W.2d 45 (Tex. App-Houston, 1st Dist. 1995 no writ).

## OTHER FACTS THAT DISTINQUISH

## *HOLMES* FROM THIS CASE

In *Holmes*, McWhorter never attempted to have the trial court with jurisdiction of the marriage, order a change of beneficiary as required by the government code. **Whereas** here, the Executrix requested the trial court having jurisdiction of the marriage interpret the Court's Decree and Property Settlement Agreement and enforce Larry Tiner's rights. She asked the trial court to

enforce the parties agreement and the decree leaving such rights to Larry Tiner where the parties agreed specifically to "execute and produce any and all documents necessary to effectuate the terms of this Agreement "between the parties". The trial court obviously had jurisdiction and the obligation to enforce the parties' agreement. In *Holmes,* the Teachers Retirement System "TRS" suggested that McWhorter have the Decree clarified with certain specified language. McWhorter never complied but the Executrix herein did comply by requesting the trial court to change the beneficiary with ERS. The trial court refused and this appeal became necessary. *Holmes* was a contested divorce, whereas, Penny Tiner ran the whole show in a pro se divorce where she drafted the petition, prepared the Property Settlement and appeared alone at the divorce hearing. This Court realizes that these documents should be construed against Penny Tiner if there are any ambiguities in their terms. Thus, the critical distinction between *Holmes* and this case is that McWhorter never sought to have the court with jurisdiction to order a change of beneficiary. The Executrix in this case specifically attempted to and did everything required under Section 814.108(c) (1) (c) (2), and (c) (5) to have the court order a change of beneficiary based upon the specific agreements between the parties. In Suarez v. Castillo, the Court of Appeals found that the divorce decree required the parties to execute instruments to carry out the decree wherein the non-employee spouse "was given the affirmative duty to execute any necessary instruments to effectuate the terms of the decree" which "included the consent form required by the ERS".

Here this Court is mistaken in finding that the divorce Decree herein did not require the parties to execute instruments necessary to effect the Decree. To the contrary, both the Divorce Decree and the Property Settlement Agreement specifically required the parties to execute instruments necessary to effect the Decree as hereinabove explained.

## PRAYER

Appellant respectfully requests that this Court rehear this case, withdraw its opinion and judgment dated March 17, 2015, reverse and render judgment that instructs the trial court to order

the Employee's Retirement System to change the beneficiary from Penny Heddin Tiner to Larry Tiner's widow, Debbie Tiner. In the alternative, if the Court decides not to withdraw it's Opinion, Appellate requests the Court to award Penny Heddin Tiner the sum of $1.00 under the provisions of Larry Tiner's Last Will and Testament.

Respectfully submitted,

Lawrence L. Beason
SBA #01991000
416 N. Pacific Street
Mineola, TX 75773
Telephone: 903-569-2627
Telefax: 903-569-9674

ATTORNEY FOR APPELLANT

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served in accordance with the Texas Rules of Appellate Procedure on William Brandon Baade on this ___1st___ day of April, 2015.

Lawrence L. Beason